## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## MCALLEN DIVISION

---

BERTHA ELENA ALMAGUER,
Individually and as Next Friend of MA and
AM, Minors, JOANNA ADAME,
GABRIELA TELLEZ, and EMILY
ALMAGUER,

                Plaintiffs,

    v.

WHIRLPOOL CORPORATION, and
CONAGRA BRANDS, INC.

                Defendants.

Civil Action No. 7:21-cv-47

---

## NOTICE OF REMOVAL

**TO:   THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS, MCALLEN DIVISION**

Defendant Conagra Brands, Inc. ("Conagra"), by and through its undersigned counsel,

hereby removes the above-captioned case from the District Court for the 398th Judicial District,

Hidalgo County, to the United States District Court for the Southern District of Texas, McAllen

division, pursuant to 28 U.S.C. § 1332, 1441, and 1446, and in support thereof, states as follows:

### INTRODUCTION

1.     Pursuant to 28 U.S.C. § 1332(a)(1), the district courts have original jurisdiction of

this civil action because the matter in controversy exceeds the sum of $75,000.00, exclusive of

interests and costs, and is between citizens of different states.

**THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED.**

2.      On September 2, 2016, Plaintiff Bertha Elena Almaguer ("Plaintiff") commenced this action against The Galilean Apartments, L.P., and The Galilean Apartments I LLC (together, the "Apartment Defendants") by filing her Original Petition in the District Court for the 398th District, Hidalgo County (Cause No. c-4151-16-I (the "Action")).  A copy of the Original Petition is attached hereto as **Exhibit A-2**.

3.      On June 19, 2017, Plaintiff filed her Second Amended Petition in this Action, joining Defendant Whirlpool Corporation ("Whirlpool"). A copy of the Second Amended Petition is attached hereto as **Exhibit A-7**.

4.      On October 17, 2018, Plaintiffs Bertha Almaguer (personally and as next friend of MA, and AM, minors), Joanna Adame, Gabriela Tellez, and Emily Almaguer (together, "Plaintiffs") filed their Fourth Amended Petition in this Action, joining Conagra. A copy of the Fourth Amended Petition is attached hereto as **Exhibit A-14**.

5.      Because Plaintiffs are citizens of Texas, and the Apartment Defendants are also citizens of Texas, complete diversity did not exist in this Action at the time the Fourth Amended Petition was filed. (*See* 4th Am. Pet. at ¶¶ 2.1 – 2.3, and 3.2.)

6.      On January 7, 2021, the District Court for the 398th District, Hidalgo County entered an order severing and dismissing the claims against the Apartment Defendants. A copy of the January 7, 2021 Order is attached hereto as **Exhibit A-50**. This Notice of Removal is filed within 30 days of entry of the January 7th Order, and is therefore timely filed. 28 U.S.C. § 1446(b)(3) (requiring removal within 30 days "after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.").

2

7.      Removal of this Action is proper more than a year after it was commenced under the bad faith exception in 28 U.S.C. § 1446(c)(1) (removal after one year is proper where "plaintiff has acted in bad faith in order to prevent a defendant from removing the action"). Specifically, Plaintiffs joined Conagra to the lawsuit brought against the non-diverse Apartment Defendants on October 18, 2018, despite the fact that they had essentially ceased prosecuting and effectively abandoned their claims against the Apartment Defendants *long before* adding Conagra as a defendant.  As such, the lawsuit was not removable when Conagra was joined. Plaintiffs then kept the non-diverse Apartment Defendants in the Action without taking action to prosecute the claims against the non-diverse parties, preventing removal of this Action. This Action finally became removable on January 7, 2021, when the Plaintiffs stipulated to dismissal of their claims against the Apartment Defendants following a settlement.

8.      The dismissal of the claims against the Apartment Defendants comes twenty-seven months after Conagra was joined. The proceedings subsequent to Conagra's joinder demonstrate that Plaintiffs had already abandoned the claims against the Apartment Defendants, yet kept them in the Action, thereby preventing Conagra's removal of this action. In those intervening twenty-seven months:

- Plaintiffs did not issue a single discovery request to the Apartment Defendants.

- Plaintiffs did not notice a single deposition of the Apartment Defendants or any witness within their control.

- Plaintiffs did not amend their allegations against the Apartment Defendants to reflect their new theory of the case– that the fire was caused by an allegedly defective can of cooking spray. Relatedly, Plaintiffs never made any effort in any subsequent filing or discovery request to connect the Apartment Defendants' conduct to the allegedly defective can of cooking spray.

- Plaintiffs never responded to the Apartment Defendants' June 19, 2017 expert report (issued more than a year before Conagra was added to the Action), which essentially refuted every basis of the Apartment Defendants' alleged liability.

- Plaintiffs never disclosed any expert opinion related to the Apartment Defendants' supposed liability.

- Plaintiffs never responded to the Apartment Defendants' Motion for Summary Judgment filed on March 20, 2020. The motion was grounded in the opinions and facts laid out in the Apartment Defendants' unrebutted expert report that had been served nearly three years earlier and eighteen months before Conagra was even joined in this case. The hearing on the motion was passed upon in September 2020, and the motion was unopposed for another four months before the claims between the Apartment Defendants and Plaintiffs were settled and dismissed.

Plaintiffs' conduct since joining Conagra demonstrates their bad faith in preventing removal of this action. The requirements under 28 U.S.C. § 1446(c)(1) have therefore been met. *See Hoyt v. Lane Constr. Corp.,* No. 4:17-CV-780-A, 2017 WL 4481168, at *2 (N.D. Tex. Oct. 5, 2017) (finding plaintiffs acted in bad faith under 28 U.S.C. § 1441(c)(1) where Plaintiff knew there was no evidence to support claims against non-diverse defendant prior to the expiration of a year, but did not dismiss those claims until after a year had lapsed), *aff'd,* 927 F.3d 287 (5th Cir. 2019), *as revised* (Aug. 23, 2019); *Flores v. Intex Recreation Corp.,* No. 2:20-CV-73, 2020 WL 6385679, at *4 (S.D. Tex. July 2, 2020) (noting failure to pursue claims and discovery against a non-diverse defendant as important evidence supporting the Court's finding of bad faith, even where claims were dismissed long after the one-year removal deadline); *Van Tassel v. State Farm Lloyds,* No. 4:14-CV-2864, 2015 WL 4617241, at *4 (S.D. Tex. July 31, 2015) (finding bad faith where "for all intents and purposes the amended petition . . . commenced a new lawsuit" but joined a previous non-diverse defendant with no intent to pursue those claims).

9.      All other process, pleadings, and orders in the state court action are attached to this Notice of Removal as **Exhibit A,** as required by 28 U.S.C. §1446(a) and Local Rule 81.

10.      This is the proper district and division for removal in that the Southern District of Texas, McAllen Division encompasses Hidalgo County and is "the district and division embracing the place where such action is pending." 28 U.S.C. §§ 124(b)(7), 1441(a).

11.     A copy of this Notice of Removal is being filed with the Clerk of for the 398th

District, Hidalgo County, and is being served upon Plaintiffs and all parties of record, pursuant to

28 U.S.C. § 1446(d).  *See* **Exhibit D.**

12.     Other than Conagra, Whirlpool is the only remaining Defendant properly joined

and served in this Action. However, Conagra has been advised, and upon information and belief

avers, that Whirlpool and Plaintiffs have reached an agreed settlement of their claims in this

Action. While the claims against Whirlpool have been resolved, dismissal has not yet been

formalized in the state court.

13.     Because the claims against Whirlpool have been settled, Whirlpool remains in this

lawsuit as a nominal defendant only. *See Acosta v. Master Maint. & Const., Inc.,* 52 F. Supp. 2d

699, 710 (M.D. La. 1999) (settling co-defendant was a nominal defendant for purposes of removal

analysis and consent for removal was not required); *see also Tri-Cities Newspapers, Inc. v. Tri-*

*Cities Printing Pressmen & Assistants' Local 349, Int'l Printing Pressmen & Assistants' Union of*

*N. Am.,* 427 F.2d 325, 327 (5th Cir. 1970) ("The ultimate test of whether the . . . defendants are . .

. indispensable parties . . . is whether in the absence of the (defendant), the Court can enter a final

judgment consistent with equity and good conscience which would not be in any way unfair or

inequitable to plaintiff.") (internal citations omitted).

14.     28 U.S.C. § 1446(b)(2)(A)'s consent requirement does not apply to nominal

defendants. *Tri-Cities Newspapers, Inc.* 427 F.2d at 327; *Martineau v. ARCO Chem. Co.,* 25 F.

Supp. 2d 762, 767–68 (S.D. Tex. 1998) ) (removing party was not required to obtain consent of

co-defendant that had settled, even though co-defendant had not been dismissed from the case),

*aff'd sub nom. Estate of Martineau v. ARCO Chem. Co.,* 203 F.3d 904 (5th Cir. 2000); *Acosta,* 52

F. Supp. 2d at 710 (same). Conagra is therefore not required to seek consent of any co-defendant in this action and has satisfied the requirements of 28 U.S.C. § 1446(b)(2)(A).

## REMOVAL IS PROPER BECAUSE THE COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332

### A. Complete diversity of citizenship exists.

15.     Upon information and belief, at all relevant times hereto, Plaintiffs Bertha Almaguer, Emily Almaguer, and minors MA and MA have been domiciled at 3817 South Veterans Boulevard, Apt. 813, Edinburg, Texas. (*See* 4th Am. Pet. at ¶¶ 2.1 and 4.1.) Plaintiffs Bertha Almaguer and Emily Almaguer are therefore citizens of Texas.[1]  28 U.S.C. §§ 1332(a)(2) and 1332(c); (*see also* 4th Am. Pet. at ¶ 3.1).

16.     Upon information and belief, at all relevant times hereto, Plaintiffs Joanna Adame and Gabrielle Tellez have been domiciled in Hidalgo County, Texas. (*See id.* at ¶¶ 2.1.) Plaintiffs Joanna Adame and Gabriella Tellez are therefore a citizens of Texas.

17.     Defendant Conagra is a Delaware corporation with its principal place of business in Chicago, Illinois. Conagra is therefore a citizen of Delaware and Illinois.

18.     Upon information and belief, Defendant Whirlpool is a Delaware corporation with its principle place of business in Benton Harbor, Michigan. (*See id.* at ¶ 2.4.) Whirlpool is therefore a citizen of Delaware and Michigan.[2]

---

[1] In her capacity as representative of minors MA and AM, Bertha Almaguer is deemed a citizen of Texas, the state in which they are citizens. 28 U.S.C. § 1332(c)(2).

[2] Because Whirlpool is a nominal defendant, Whirlpool's citizenship is irrelevant to the Court's diversity-of-citizenship analysis. Conagra includes information related to Whirlpool's citizenship out of an abundance of caution, to demonstrate that complete diversity exists regardless of Whirlpool's citizenship.

19.     Because Plaintiffs are citizens of Texas and Defendants are citizens of Delaware, Illinois, and Michigan, complete diversity of citizenship existed between the parties upon entry of the January 7, 2021 Order, and at the time of filing this Notice of Removal. *See* 28 U.S.C. §§ 1332(a), 1441(a).

**B.  The amount in controversy requirement is satisfied.**

20.     Plaintiffs allege that a "large fireball" "engulfed Plaintiff [], causing Plaintiff to sustain first, second, and third degree burns to her body and face." (*See* 4th Am. Pet. at ¶ 4.3). Plaintiffs further allege that they have "sustained severe mental and emotional anguish – including mental and emotional pain, torment, suffering and despair." (*See id.* at ¶ 9.1) Plaintiff alleges damages for physical pain, mental anguish, impairment, disfigurement, loss of enjoyment, past and future medical expenses, and past and future lost wages. (*See id.* at ¶ 10.1)

21.     Plaintiff has produced her medical records and bills for allegedly related medical treatment in excess of $75,000. Plaintiffs have also disclosed reports from retained experts claiming Plaintiff has related future medical expenses in excess of $75,000.

22.     Based on the nature of the injuries alleged in the Complaint, as well as the previously identified past and future medical expenses that Plaintiff seeks to recover in this Action, the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

**CONCLUSION**

WHEREFORE, for the reasons set forth herein, Defendant Conagra Brands, Inc. hereby requests that this Court retain jurisdiction of this matter as removed from the District Court for the 398th District, Hidalgo County, to the United States District Court for the Southern District of Texas, McAllen Division.

Dated: February 5, 2021

Respectfully submitted,

By: /s/ David G. Oliveira
      **DAVID G. OLIVEIRA**
      State Bar No. 15254675
      Federal ID No. 34165
      *doliveira2rofllp.com*
      *liz@rofllp.com*
      **Roerig, Oliveira & Fisher, LLP**
      10225 N. 10th Street
      McAllen, Texas 78504
      Telephone: (956) 393-6300
      Facsimile: (956) 386-1625
      *Attorneys for Defendant Conagra Brands, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that, on the date set forth below, a true and correct copy of the ***Notice of Removal*** was filed with the Clerk of the United States District Court for the Southern District of Texas, McAllen Division and served upon all counsel of record in this matter via Federal Express:

J. Michael Moore
State Bar No. 14349550
**THE MOORE LAW FIRM**
4900 North 10th Street, Suite F-3
McAllen, Texas 78504
Telephone: (956) 631-0745
Facsimile: (866) 266-0971
Email: lit-docket@moore-firm.com

and

Chris R. Brasure
State Bar No. 24036257
**BRASURE LAW FIRM, P.L.L.C.**
135 Paseo Del Prado, Suite 60
Edinburg, Texas 78539
Telephone: (956) 686-3555
Facsimile: (888) 880-9309
Email:  chris@brasurelaw.com

8

Deborah J. Bullion
State Bar No.  03329100
**GASCOYNE & BULLION, PC**
77 Sugar Creek Center Blvd., Suite 280
Sugar Land, Texas 77478
Telephone:  (281) 340-7000
Facsimile: (281) 340-7001
Email: dbullion@gbpclaw.com


Dated:  February 5, 2021


                                                          /s/David G. Oliveira_____
                                                          **DAVID G. OLIVEIRA**